UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

November 7, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Lashonda S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-3093-CDA

Dear Counsel:

On December 1, 2022, Plaintiff Lashonda S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' dispositive filings[1] (ECFs 11, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Defendant's motion for summary judgment, GRANT Plaintiff's alternative motion for remand, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.    **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on February 21, 2020, alleging a disability onset of January 1, 2011. Tr. 260–69. Plaintiff's claim was denied initially and on reconsideration. Tr. 116–19, 128–30. On February 10, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–69. Following the hearing, on February 28, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 13–36. The Appeals Council denied Plaintiff's request for review, Tr. 5–10, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file "briefs" instead of "motions for summary judgment." Here, Defendant filed a motion for summary judgment and Plaintiff filed a brief and an alternative motion for remand. *See* ECFs 11, 18.

[2] 42 U.S.C. §§ 301 et seq.

*Lashonda S. v. Kijakazi*
Civil No. 22-3093-CDA
November 7, 2023
Page 2

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since . . . the application date."  Tr. 18.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "chronic pain, migraine headache, arthritis, asthma, degenerative disc disease with radiculopathy, scoliosis, spondylosis, left hip avascular necrosis, and status post total hip replacement."  *Id*.  The ALJ also found that Plaintiff suffered from the non-severe impairments of "epicondylitis of the bilateral arms, HIV, joint hypermobility, and narcolepsy."  *Id*.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 19.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally push or pull with the lower left extremity.  She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  She can never climb ropes, ladders, or scaffolds.  She must avoid concentrated exposure to fumes, odors, dusts, and gases.

*Id.*  The ALJ determined that Plaintiff could perform past relevant work as a medical clerk and could also perform other jobs existing in significant numbers in the national economy.  Tr. 27–30.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 30.

## III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, the Court's review is limited to whether the ALJ

*Lashonda S. v. Kijakazi*
Civil No. 22-3093-CDA
November 7, 2023
Page 3

analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.     ANALYSIS

Plaintiff raises two arguments on appeal. First, she argues that the ALJ erroneously evaluated her subjective complaints. ECF 11, at 3–6. Second, Plaintiff contends that the ALJ erroneously assessed the RFC by: (1) failing to set forth a narrative discussion connecting the evidence to each conclusion; (2) failing to perform a function-by-function analysis of Plaintiff's work-related abilities; (3) failing to adequately address Plaintiff's migraines; and (4) failing to evaluate the combined effects of Plaintiff's impairments. *Id.* at 7–23. Defendant counters that the ALJ properly evaluated Plaintiff's subjective complaints under relevant law. ECF 18, at 20–25. Defendant further contends that the ALJ properly assessed the RFC because: (1) the ALJ applied the correct legal framework in crafting the RFC and supported the RFC with ample explanation; (2) the ALJ discussed Plaintiff's migraines at length; and (3) the ALJ satisfied their duty to consider the combined effects of Plaintiff's impairments by stating at step three that Plaintiff's "combination" of impairments did not meet or equal any listed impairment. *Id*. at 6–20.

The Court begins by examining Plaintiff's argument regarding the ALJ's alleged failure to assess the combined effects of Plaintiff's impairments, as it finds this argument dispositive. SSA regulations require an ALJ to consider the severity of each of a claimant's impairments, both individually and in combination. *See* 20 C.F.R. § 416.920(a)(4)(ii) ("If you do not have a severe medically determinable . . . impairment that meets the duration requirement . . . or *a combination of impairments* that is severe and meets the duration requirement, we will find that you are not disabled.") (emphasis added); *see also* 20 C.F.R. § 416.923(c) (noting that the SSA "consider[s] the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.").

When engaging in this consideration, an ALJ may not "fragmentize" their assessment of a claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ must "adequately explain his or her evaluation of the combined effects of the impairments." *Id.* Such an explanation is necessary because "disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render [a] claimant unable to engage in substantial gainful activity." *Id.* The ALJ's findings with respect to the combined effects of a claimant's impairments must be "specific and well-articulated." *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986) (citations omitted).

Having carefully reviewed the ALJ's decision, the Court determines that the ALJ failed to provide the requisite "specific and well-articulated" findings as to the combined effects of Plaintiff's impairments. *Id.* As an initial matter, the ALJ provided no explicit acknowledgment that they considered any such effects. *See* Tr. 13–36. To be sure, the ALJ *did* note that Plaintiff's non-severe impairments "have established only a slight abnormality or a combination of slight

abnormalities that would have no more than a minimal effect on [Plaintiff's] ability to work[.]" Tr. 19.  But even if the Court accepts that the ALJ adequately assessed the combined effects of Plaintiff's non-severe impairments, the decision contains no similar explanation of how the ALJ evaluated the combined effects of: (1) Plaintiff's severe impairments or (2) Plaintiff's severe *and* non-severe impairments.  Remand is therefore warranted.  *See Cook*, 783 F.2d at 1174.

Defendant argues that the ALJ *did* articulate that they considered the combined effects of each of Plaintiff's impairments by stating at step three that Plaintiff did not have "an impairment or combination of impairments" that met or medically equaled the Listings.  ECF 18, at 19 (citing Tr. 19; *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865–66 (4th Cir. 2014)).  I disagree.  As our sister court has recognized, an ALJ's "generic declaration" that a "claimant does not have [a] combination of impairments that meets or medically equals one of the listed impairments" is "insufficient under the prevailing case law" to demonstrate that the ALJ considered all a claimant's impairments in combination.  *Brown v. Astrue*, No. CA 1:11-3245-JMC-SVH, 2013 WL 642189, at *10 (D.S.C. Jan. 31, 2013) (citing *Walker*, 889 F.2d at 50), *report and recommendation adopted sub nom. Brown v. Colvin*, No. 1:11-CV-03245-JMC, 2013 WL 645958 (D.S.C. Feb. 21, 2013). Moreover, unlike in the instant case, the ALJ in *Reid* provided an extensive discussion of "the cumulative effects" of several mental and physical impairments before concluding at step three that the claimant's impairments did not satisfy a listed impairment.  *Reid*, 769 F.3d at 866 (italics omitted).  Defendant's reliance on *Reid* is therefore unavailing.

In addition to lacking an explicit evaluation of the combined effects of Plaintiff's impairments, the ALJ's decision also leaves the Court unable to infer, based on the analysis provided, that any such effects were considered.  Here, the ALJ recounted Plaintiff's testimony, provided a synopsis of Plaintiff's treatment records, and concluded that: (1) Plaintiff's statements about her symptoms were inconsistent with the objective medical evidence of record and (2) the RFC assessed in this case accommodates Plaintiff's impairments and complaints of pain.  *See* Tr. 21–27.  To support this conclusion, the ALJ noted that: (1) Plaintiff was not currently experiencing migraine headaches; (2) Plaintiff's lumbar, respiratory, cardiovascular, vascular, musculoskeletal, and lower extremity examinations were normal; (3) Plaintiff's avascular necrosis of the hip was stable; and (4) Plaintiff responded excellently to hip surgery.  Tr. 27.  This analysis provides no insight, however, into whether any *combination* of Plaintiff's impairments imposes greater restrictions than a single impairment may impose.

Moreover, the ALJ's analysis suggests that their failure to assess the combined effects of Plaintiff's impairments may have been harmful.  For instance, the ALJ recounted Plaintiff's testimony that "[s]he has HIV that causes persistent inflammation in her joint extremity and in her back[.]"  Tr. 22.  Later in the decision, the ALJ described Plaintiff's "left hip pain" as "secondary to HIV associated avascular necrosis of the hip[.]"  Tr. 27.  The ALJ also observed that, consistent with Plaintiff's testimony, symptoms noted during a June 10, 2021 HIV follow-up appointment included "myalgia."  Tr. 26.  These statements suggest that Plaintiff's non-severe HIV may affect several of her severe impairments, including her chronic pain and her left hip avascular necrosis.

While the ALJ stated that Plaintiff's necrosis was "stable" and that her HIV was under "excellent control," Tr. 26–27, the ALJ did not explore whether these impairments collectively

*Lashonda S. v. Kijakazi*
Civil No. 22-3093-CDA
November 7, 2023
Page 5

impose any limitation on Plaintiff's ability to function.  The ALJ did note that Plaintiff's "left hip pain secondary to HIV associated avascular necrosis of the hip was to be treated with physical therapy and gait training."  Tr. 27.  However, the ALJ failed to explain whether therapy or training were of help in treating these impairments.  Consequently, the ALJ's analysis suggests that if Plaintiff's hip impairments, chronic pain, and HIV cause combined effects, then the effects are ongoing.

In sum, remand is warranted due to the ALJ's failure to shed light on the combined effects of Plaintiff's severe and non-severe impairments.  *See Cook*, 783 F.2d at 1174.  On remand, the ALJ must provide a "specific and well-articulated" explanation of how the combined effects of these impairments impact Plaintiff's ability to work.  *Id.*  Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.[3]

## V.    **CONCLUSION**

For the reasons set forth herein, Defendant's motion for summary judgment, ECF 18, is DENIED and Plaintiff's alternative motion for remand, ECF 11, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

[3] In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.